**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| **THERESA LAWSON** | ) | |
| | ) | **CASE NO:  5:16-cv-00414-SMH-KLH** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Judge S. Maurice Hicks** |
| **PHC MINDEN, L. d/b/a MINDEN** | ) | **Magistrate Karen L. Hayes** |
| **MEDICAL CENTER,** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

---

4817-3524-0547.4

**TABLE OF CONTENTS**

**Contents**

TABLE OF AUTHORITIES ........................................................................................... 3

I.      INTRODUCTION ................................................................................................. 4

II.     STATEMENT OF MATERIAL UNDISPUTED FACTS ................................... 4

III.    LEGAL ANALYSIS............................................................................................. 8

   A.   Plaintiff Cannot Show that Minden's Legitimate Reason is Pretextual........................... 9

   B.   Plaintiff Has No Evidence of Race Discrimination. ....................................... 13

IV.     CONCLUSION.................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400 (5th Cir. 2001)........................................ 14

Autry v. Fort Bend Indep. Sch. Dist., 704 F.3d 344 (5th Cir. 2013) ................................ 10, 11, 13

Burrell v. Dr. Pepper/Seven Up Bottling Group, 482 F.3d 408 (5th Cir. 2007)............................ 9

Celestine v. Petroleos de Venezuela SA, 266 F.3d 343 (5th Cir. 2011)...................................... 10

Cormier v. Trevillia, 2014 U.S. Dist. LEXIS 10548 (W.D. La. July 30, 2014) ......................... 16

Grimes v. Texas Dep't of Mental Health & Mental Retardation, 102 F.3d 137 (5th Cir. 1996).. 14

Hornsby v. Conoco, Inc., 777 F.2d 243 (5th Cir. 1985) ............................................................... 17

Johnson v. David Wade Corr. Facility, 410 Fed. Appx. 735 (5th Cir. 2010) .............................. 10

Lawrence v. Univ. of Tex. Med. Branch, 163 F.3d 309 (5th Cir. 1999) ...................................... 14

Manning v. Chevron Chemical Co., LLC, 332 F.3d 874 (5th Cir. 2003)................................. 9, 12

McLendon v. Ingalls Shipbuilding, Inc., 2001 U.S. App. LEXIS 31785
   (5th Cir. May 31, 2001) ........................................................................................................ 12

Medina v. Ramsey Steel Co., 238 F.3d 674 (5th Cir. 2001)........................................................... 9

Moss v. BMS Software, Inc., 610 F.3d 917 (5th Cir. 2010)............................................. 10, 11, 13

Nichols v. Lewis Grocer, 138 F.3d 563 (5th Cir. 1998) ......................................................... 12, 13

Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507 (5th Cir. 2001) ................... 8

Price v. Federal Express Corp., 283 F.3d 715 (5th Cir. 2002)...................................... 9, 10, 12, 13

Raggs v. Miss. Power & Light Co., 278 F.3d 463 (5th Cir. 2002)............................................... 15

Rowe v. Jewell, 88 F. Supp. 3d 647 (E.D. La. 2015) .................................................................. 15

Runnels v. Tex. Children's Hosp. Select Plan, 167 Fed. Appx. 377 (5th Cir. 2006) ................... 15

## I.      INTRODUCTION

PHC Minden, L. d/b/a Minden Medical Center ("Minden"), employed Plaintiff (African American) as a Registered Nurse from 2006 until her voluntary resignation in 2016.  In her complaint, Plaintiff claims that Minden did not select her for a Case Manager position because of her race.  Minden selected Jamie Malone (Hispanic) for the promotion.  Plaintiff thinks her non-selection was racially discriminatory because Ms. Malone is allegedly white[1] and she is African American.  She reaches that conclusion despite her admission that she does not know Ms. Malone's qualifications.  Respectfully to her, as a matter of undisputed fact and law, she is just plain wrong.

Her legal claim must be dismissed.  Minden has articulated a legitimate, non-discriminatory reason for selecting Ms. Malone -- its honest and good faith belief that she was the better qualified candidate -- and Plaintiff cannot prove that reason to be pretextual because there is no record proof that the reason is false, her subjective beliefs notwithstanding. There are no genuine disputes of material fact and summary judgment is warranted as a matter of law.

## II.      STATEMENT OF MATERIAL UNDISPUTED FACTS

Minden is a 161-bed acute care hospital located in Minden, Louisiana.  Declaration of Mary Winget ("Winget Decl.") at ¶ 4.  It serves a population of more than 70,000.  Id.  More than 1,800 people each month seek emergency care in its emergency facility alone.  Id.  Other services include oncology, rehabilitation (both inpatient and outpatient), diagnostic imaging, intensive care, home health, a Breast Care Center, and the Heart Center of Minden.   Id.; Deposition of Theresa Lawson ("Lawson Dep.") at 36-37.

---

[1] Plaintiff alleges in the Complaint at Paragraph 24 that Ms. Malone is Caucasian.  Ms. Malone actually identifies as Hispanic.  See Exhibit 8.

4817-3524-0547.4

Minden hired Plaintiff as a staff floor nurse on July 20, 2003.  Lawson Dep. at 32:1-7. This was her first real job after nursing school.  Id. at 31:19-23.  Plaintiff  worked at Minden from July 20, 2003 to July 9, 2004 on full-time status and then changed to PRN status.[2]  Id. at 32:16-25. She then began working as a Registered Nurse ("RN") for Community Specialty Hospital in August 2004.  Id.  Plaintiff worked at Community Specialty Hospital until she resigned in May 2007 and began working solely for Minden once again.  Id. at 33:3-9, 34:10-23.

When Plaintiff went back to Minden, she committed to work night shifts on an as needed basis, shifts every other weekend, and holiday shifts and was assigned primarily to the Med-Surgery Unit ("Med-Surg").  Id. at 34:12-18, 51:8-16.  When Plaintiff returned to Minden in 2007, Ms. Lawson worked under a Staffing Agreement which was a common practice with nurses on PRN status, and this continued until May 21, 2013.  Id. at 34:12-23.  Plaintiff served as a RN for a period of time, which meant that she had responsibility for delegating tasks to other nurses on her floor and reporting to the second floor Nurse Manager, Patricia McLaurin.  Id. at 51:8-13.  Although Plaintiff enjoyed the nursing responsibilities and taking care of patients, she felt overwhelmed sometimes due to staffing turnover and working with new nurses.  Id. at 51-52.

Throughout her employment, Plaintiff cross-trained in other departments so that she could fill in where needed.  Id. at  52:4-6.  Specifically, in 2011, she cross-trained to serve as a relief Case Manager on the night shift.  Id. at 54:3-6.

Because Minden had a greater need for her services in Med-Surg, Plaintiff only worked a few relief Case Manager shifts.  Winget Decl. at ¶ 13.  From 2008 to 2012, Plaintiff only worked a total of 23 shifts as a Case Manager.  Whatley Decl. at ¶ 6; Winget Decl. at ¶ 13.  Plaintiff felt overwhelmed from time to time by the stress of the Case Manager position.  Lawson Dep. at 59.

---

[2] An employee on PRN status works on an as needed basis with no set or regular hours.  Winget Decl. at ¶ 6.

4817-3524-0547.4

After Minden stopped using Staffing Agreements for its PRN nurses in May 2013, it offered Plaintiff a full-time position as an RN in Med-Surg on the 2nd shift and she accepted the offer. Winget Decl. at ¶ 14; Lawson Dep. at 62:5-13; Exhibit 3.

Less than two months later, Plaintiff resigned from working full-time position as an RN in Med-Surg and requested to transfer back to PRN status.  Winget Decl. at ¶ 15; Lawson Dep. at 63-64; Exhibit 4.  Plaintiff made this change because it allowed her to work at night, which paid a shift differential, and it was more convenient because it allowed her to take care of her mother. Lawson Dep. at 66-67.  Minden granted her request.  Winget Decl. at ¶ 16; Lawson Dep. at 68:12-13.

Pursuant to Minden's normal process for an employee who resigns a full-time position, Mary Winget Human Resources Director conducted an exit interview with Plaintiff on September 5, 2013.  Lawson Dep. at 70:7-10; Winget Decl. at ¶ 17.  Plaintiff told Ms. Winget that she was transferring to PRN status because she had to care for her mother, felt stressed at home and at work, and could not commit to a full-time schedule.  Winget Decl. at ¶¶ 17-19; Exhibit 10.

Notwithstanding her resignation and her expressed reasons for it, Plaintiff learned of an opening for a full-time Case Manager position on the night shift and applied for the position. Lawson Dep. at 74-75.  Ms. Malone also applied for the position.  Whatley Dec. at ¶ 11.  Ms. Malone had worked as an RN in the Intensive Care Unit since October 2008 and had prior supervisory experience, including working as a Charge Nurse for two different hospitals. Exhibit 11.  Like Plaintiff, Ms. Malone met the minimum qualifications for the position. Whatley Dep. at 71:18-19; Whatley Decl. at ¶ 9.

Minden interviewed Plaintiff and Ms. Malone on September 11, 2013.  Lawson Dep. at 76:9-10; Whatley Decl. at ¶ 10.  They were interviewed by Ms. Whatley and three employees who worked in case management: Charlotte Collins, Derek Milwee, and Debbie Maddox.  Lawson Dep. at 78-79; Deposition of Cheryl Whatley ("Whatley Dep.") at 34-35.  The interview team interviewed Plaintiff first, and then interviewed Ms. Malone.  Lawson Dep. at  90-91; Whatley Dep. at 55:20-23.

The interview committee asked Plaintiff and Ms. Malone the same set of questions at the interview.  Whatley Decl. at ¶ 12; Whatley Dep. at 46:7-24.  Plaintiff's responses to their questions were unimpressive.  Whatley Decl. at ¶¶ 14-16, 23-25.  Ms. Whatley and the interview team believed that Plaintiff was only interested in the position because it was a night position and would be less stressful.  Exhibit 7.  For example, when the interview committee asked Plaintiff why she wanted to leave her current position as a RN and work full-time in the Case Management department, Plaintiff explained that she recently requested a transfer to PRN status because she wanted to work the night shift and it was too stressful working on the floor.  Id.  Ms. Whatley asked Plaintiff at that time if she would be "trading one stressful job for another."  Lawson Dep. at 82:11-20.  Plaintiff explained to the interview committee how working nights would allow her to care for her mother.  Id.; Exhibit 7.  The interview committee also asked her about her short and long term goals.  (Id. at 83:7-10).  Plaintiff did not mention any goals other than wanting to work on the night shift and work with less stress.  Whatley Decl. at ¶ 14; Lawson Dep. at 84:10-22; 89:20-25.  She also expressed her frustration with the high turnover with the nurses on the floor.  Id. at 89:20-25.

The interview team met with Ms. Malone, the second candidate, following their interview of Plaintiff.  Lawson Dep. at  90-91; Whatley Dep. at 55:20-23.  In contrast to Plaintiff, Ms.

4817-3524-0547.4

Whatley and the team believed that Ms. Malone was truly interested in the position for the right reasons.  Whatley Dep. at 55:20-23.  Ms. Malone appeared very enthusiastic about the job, talked about what she could bring to the Case Management department, and discussed wanting to further her education and career.  Id.; Whatley Decl. at ¶¶ 19-21, 23.  Plaintiff does not know how Ms. Malone performed in the interview.  Lawson Dep. at 98:11-15.

Ms. Whatley called Plaintiff later that day to inform her that they had made the decision to select Ms. Malone as the nightshift Case Manager.  Lawson Dep. at 96:7-22; Whatley Decl. at ¶ 29.  Ms. Whatley told Plaintiff that although she thought Plaintiff may have done a good job, she did not appear enthusiastic or excited about the position.  Lawson Dep. at 96:17-22, 97:7-11, 98:19-20; Whatley Decl. at ¶ 30.   Plaintiff freely admits that she does not know why the interview committee selected Ms. Malone instead of her other than what Ms. Whatley told her during the phone call.  Lawson Dep. at 96:5-8, 99.  Plaintiff also acknowledges that she did not speak to any of the other interviewers about why they made the decision to place Ms. Malone in the position instead of her.  Id. at 96:1-4.  Indeed, the group decided to choose Ms. Malone over Plaintiff because they believed that Ms. Malone not only performed better in the interview, but overall perform better in the position because of her enthusiasm for the opportunity.  Whatley Dep. at 64-65.  Plaintiff's race had nothing to do with the interview committee's decision to select Ms. Malone for the position.

### III.    LEGAL ANALYSIS

Plaintiff alleges that Minden did not promote her to the Case Management position because of her race.  Since Plaintiff does not have any direct evidence of discrimination, her claim is analyzed under the familiar McDonnell-Douglas burden-shifting framework.  See Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507, 512 (5th Cir. 2001).  Under this

framework, Plaintiff is first required to establish a *prima facie* case of race discrimination. See Burrell v. Dr. Pepper/Seven Up Bottling Group, 482 F.3d 408, 412 (5th Cir. 2007); Medina v. Ramsey Steel Co., 238 F.3d 674, 680 (5th Cir. 2001). In a failure to promote case, the plaintiff must show that: (1) she is a member of a protected class; (2) she sought and was qualified for an available position; (3) she was not selected for the position; and (4) the employer awarded the position to someone outside the protected class. Id. If Plaintiff can establish a *prima facie* case, the burden of production shifts to Minden to articulate a legitimate, non-discriminatory reason for its actions. Id. If Minden sustains its burden, the burden shifts back to Plaintiff to establish that Minden's proffered reason is merely a pretext for discrimination. Id.

Minden does not dispute that Plaintiff can establish a *prima facie* case as she was qualified for the Case Manager position and Minden awarded the position to Ms. Malone, who is Hispanic. However, as shown below, Plaintiff cannot show that Minden's legitimate reason for selecting Ms. Malone for the Case Manager position is a pretext for race discrimination.

### A.      Plaintiff Cannot Show that Minden's Legitimate Reason is Pretextual.

Plaintiff's claim fails because she cannot establish that Minden's reason for selecting Ms. Malone - its honest and good faith belief that Ms. Malone was the better qualified candidate - was a mere pretext for discrimination. See Manning v. Chevron Chemical, Co., LLC, 332 F.3d 874, 882 (5th Cir. 2003) (the defendant's explanation that it chose the "best qualified" candidates is a legitimate non-discriminatory reason for not promoting the plaintiff, which then shifts the burden back to the plaintiff to establish pretext). Plaintiff cannot establish pretext because there is no record proof that Minden's reason is false or that she is the "clearly better qualified" candidate. Price v. Federal Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).

To be "clearly better qualified," plaintiff must show that "no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question . . . .  The bar is set high for this kind of evidence."  Moss v. BMS Software, Inc., 610 F.3d 917, 922 (5th Cir. 2010).  It is not enough to show that she was "similarly qualified" to Ms. Malone.  Price, 283 F.3d at 723.  Indeed, "'unless the qualifications are so widely disparate that no reasonable employer would have made the same decision,' any 'differences in qualifications are generally not probative evidence of discrimination.'"  Moss, 610 F.3d at 923; Celestine v. Petroleos de Venezuella SA, 266 F.3d 343 (5th Cir. 2011) (same).  As noted by the Fifth Circuit in Price, a plaintiff's qualifications must "leap from the record and cry out to all who would listen that [she] was vastly - or even clearly - more qualified for the subject job."  Price, 283 F.3d at 723.  Respectfully to Plaintiff, for the Case Manager position sought, she does not come close to meeting the high bar through the record proof.

When asked in her deposition whether she knew how Ms. Malone performed in the interview, Plaintiff admitted that she did not know if Ms. Malone interviewed better than she did and did not know what questions the interview committee asked her.  Lawson Dep. at 99: 20-25.  This type of admission *alone* was fatal to the plaintiffs' theory in Autry v. Fort Bend Indep. Sch. Dist., and thus it is fatal here.  Autry, 704 F.3d 344, 347-48 (5th Cir. 2013)  (holding that the plaintiff could not establish he was clearly better qualified because he had never met the candidate selected, did know how she performed in her interview, did not know her prior work experience, and had never seen her resume).  Plaintiff's reliance on her subjective belief that she is better qualified and that discrimination has occurred is not enough to demonstrate pretext.  Johnson v. David Wade Corr. Facility, 410 Fed. Appx. 735, 738 (5th Cir. 2010).

Not only has Plaintiff failed to produce any evidence of pretext, Minden has negated it affirmatively by demonstrating through the record evidence its belief that Ms. Malone was better suited for the position at issue.  See Whatley Dep. at 64:17-25, 65:1-21.  There is no record evidence that a reasonable employer must have chosen differently.  See Moss, 610 F.3d at 923.  The decision in Autry is instructive.  There, the plaintiff (African American) argued that he was better qualified than the candidate selected for the open position because he had experience working with the employer for two years, a Bachelor's degree, and several years of experience for the open position, unlike the individual that was selected for the position.  704 F.3d at 345-46.  The individual hired for the position (Caucasian) had no formal education background beyond high school, no apparent connection to the employer, and had no work experience for the open position.  Id. at 346.  The employer acknowledged the plaintiff's work experience and educational background, but selected the other candidate based on her qualifications and interview performance.  Id. at 347.  In holding that the plaintiff was not the "most qualified finalist" despite his sterling qualifications, the Fifth Circuit Court of Appeals concluded that the plaintiff could not establish pretext because he failed to introduce any evidence regarding the selected candidate's credentials or work experience.  Id. at 347-48.

Like the employer in Autry, Minden selected Ms. Malone because of her qualifications, her interview performance, and ultimately because it believed that she would do a better job in the role.  Whatley Dep. at 64:22-25.  Ms. Malone appeared very enthusiastic about the job, talked about what she could bring to the Case Management department, and discussed wanting to further her education and career.  Id.; Whatley Decl. at ¶¶ 19-21, 23.  In contrast, Plaintiff talked about wanting the positon because she was stressed, and working nights would allow her to take care of her mother.  Lawson Dep. at 82:11-20, 84:10-22, 89:20-25.  Furthermore, less than two

weeks before the interview, Plaintiff resigned from full-time status to PRN status due to the stress at work.  Exhibit 4.  Ms. Whatley even saw how stressed and tired Plaintiff was when she worked as a relief Case Manager.  Whatley Dep. 70-71; 79:6-19.  For these reasons, the interview committee selected Ms. Malone.  The "mere fact that an employer uses subjective criteria is not ... sufficient evidence of pretext." Manning v. Chevron Chemical, Co., LLC, 332 F.3d 874, 882 (5th Cir. 2003).

Further, like the plaintiff in Autry, although Plaintiff had experience working at Minden as a relief Case Manager and had a Bachelor's degree, she admitted that she does not know why the interview committee decided to choose Ms. Malone over her and does not know if Ms. Malone interviewed better than she did or not.  Lawson Dep. at 99:20-25.  Neither Plaintiff's tenure, educational background, nor her experience as a relief Case Manager, as valuable as she may have perceived them to be, establish that Plaintiff was "clearly more qualified" than Ms. Malone, and the Court should decline her invitation to sit as a super-personnel department to challenge Minden's decision.  See Nichols v. Lewis Grocer, 138 F.3d 563, 568-69 (5th Cir. 1998) (holding that losing applicant's longer tenure and more varied work experience with the company did not make her "clearly better qualified" than the winning applicant); Price, 283 F.3d at 723 ("[The plaintiff]'s education, work experience, and longer tenure with the company do not establish that he is clearly better qualified … Although [his] qualifications are sufficient, they do not "leap from the record" when contrasted with [the selected candidate]."); McLendon v. Ingalls Shipbuilding, Inc., 2001 U.S. App. LEXIS 31785, *11 (5th Cir. May 31, 2001) (noting that employment discrimination laws have not "vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom and fairness of the business judgments made by employers" and dismissing the plaintiff's claim because the evidence established only that the

4817-3524-0547.4

employer made a "judgment call" as to who was the better qualified candidate for the position at issue).

Plaintiff's inability to prove through admissible evidence that Minden's reason for selecting Ms. Malone was false or that she was "clearly better qualified" requires dismissal of her claim as a matter of law. See Moss, 610 F.3d at 923; Nichols, 138 F.3d at 568-69; Autry, 704 F.3d at 347-48; Price, 283 F.3d at 723.

**B.      Plaintiff Has No Evidence of Race Discrimination.**

Plaintiff cannot establish pretext because the admissions she made during her deposition conclusively rebut her race discrimination claim. Plaintiff admitted that she did not have any knowledge as to how Ms. Malone performed in the interview and why the interview committee selected Ms. Malone for the position.  Lawson Dep. at 96:1-8; 98-99; 139:9-13.

> Q:      And do you -- so sitting here today, you don't know whether the other interviewers shared Ms.  Whatley's view that you didn't appear excited for the position?
>
> A:      I don't know.
>                             …
> Q:      Do you know or do you have any way to demonstrate that the other interviewers, if they say we agree with Ms. Whatley's belief, you can't say that that's not true; can you?
>
> A:      I do not know what their decision was.
>
> Q:      You don't know why any of the particular interviewers did not honestly believe that Ms. Malone interviewed better than you did?
>
> A:      No, no.
>
> Q:      Do you have any reason to believe that any of the interviewers did not honestly believe

> that Ms. Malone interviewed better than you did?
>
> A:   I mean, I don't -- I mean, that's what -- I mean, interviewed better, I mean, I don't know what her interview entailed.  I mean, I don't know if she interviewed better than I did or not.  I don't know what her interview questions was or -
>
> …
>
> Q:   No one ever came up to you and said hey, we made this decision to hire Ms. Malone because she's Caucasian and you're African American?  No one ever said that --
>
> A:   No.

Id. at 98:11-15, 99:9-25, 139:9-13.   Plaintiff can only offer her own subjective beliefs as to why the interview committee's decision to select Ms. Malone instead of her was based on race. Plaintiff's subjective beliefs in this regard do not constitute any evidence of race discrimination.

"In response to motions for summary judgment, it is . . . incumbent upon the non-moving party to present evidence – not just conjecture and speculation that the defendant discriminated against her on the basis of her race." Grimes v. Texas Dep't of Mental Health & Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996).   An employee's subjective belief of discrimination alone is not sufficient to prove pretext.  Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 403 (5th Cir. 2001); Lawrence v. Univ. of Tex. Med. Branch, 163 F.3d 309, 313 (5th Cir. 1999) ("a subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief.").

Plaintiff can only offer her own subjective beliefs that she was discriminated against because of her race.  Plaintiff's subjective beliefs are as follows:

1.  No other African Americans were working in the Case Management department. Lawson Dep. 116:6-13.

4817-3524-0547.4

2.  Someone told her that the Case Management department had not hired an African-American supervisor for over twenty years. Id. at 116-117, 118:1-3.

3.  She did not see any other African Americans working on the pediatric floor. Id. at 119:13-15.

4.  She was more qualified than Ms. Malone. Id. at 120:1-9.

Each of Plaintiff's proffered subjective beliefs fails for the following reasons.  First, Plaintiff has failed to offer any evidence that the lack of African Americans in the case management department was based on race.  Neither has she presented a rational argument as to why this fact is material in any way whatsoever to Minden's decision to hire Ms. Malone rather than her.  Plaintiff expects the Court to presume that the decision was racially based simply because it was made by members of the opposite race.  This notion has been repeatedly rejected by the courts.  "The mere fact that plaintiff is a different [race] than [the hired candidate] is not enough to establish discriminatory animus."  Rowe v. Jewell, 88 F. Supp. 3d 647, 671 (E.D. La. 2015) (granting summary judgment for the employer on a failure to promote claim because plaintiff's "conclusion that his gender must have been the reason 'is not competent evidence that [gender] actually was a motivating factor in the hiring decision . . . . Mere 'opinions with no supporting evidence' that a promotion decision was based on [gender] are insufficient to support a claim of discrimination);  see also Raggs v. Miss. Power & Light Co., 278 F.3d 463, 468 (5th Cir. 2002) ("[E]vidence of pretext is not enough where the plaintiff has created only a weak issue of fact as to whether the employer's reason is untrue, and there is 'abundant and uncontroverted independent evidence that no discrimination occurred.'").

Runnels v. Tex. Children's Hosp. Select Plan, 167 Fed. Appx. 377 (5th Cir. 2006) is instructive.  The plaintiffs, eight African-American technicians, filed suit against their employer

4817-3524-0547.4

15

alleging that they were not promoted for various positions due to their race.  Id. at 379-80.  The employer filed summary judgment arguing, *inter alia*, that two of the plaintiffs were not selected for the position because the hired candidate "was the best qualified for the promotion."  Id. at 383.  The district court agreed and granted summary judgment in favor of the employer.  Id.  On appeal, the Court affirmed the district court's holding.  Id.  Although the plaintiffs tried to establish pretext by arguing that the employer never promoted an African American to a management position, the Court held that "the lack of African-American management does not appear to be relevant as to whether management engaged in purposeful discrimination against [the plaintiffs].  Id.

The same is true in this case.  The fact that the Case Management department did not have African-American employees at the time Plaintiff interviewed for the position is not relevant as to whether Minden discriminated against her based on her race.  Furthermore, unlike the employer in Runnels that never had an African American in a management position, the Case Management department has employed African-American supervisors.  See Whatley Dep. at 87:12-17.  Plaintiff has failed to show how Minden engaged in purposeful discrimination against her simply because it believed that Ms. Malone was the best qualified candidate for the position and hired her based on that belief.

Second, Plaintiff's belief that Minden failed to promote her based on her race because of a rumor that the Case Management department had not hired an African-American supervisor for over twenty years is not only false, but it is also not based on Plaintiff's personal knowledge. Her lack of personal knowledge is inadequate to support her belief.  See Cormier v. Trevillia, 2014 U.S. Dist. LEXIS 10548, at *10 (W.D. La. July 30, 2014) (finding that a deposition must be supported by personal knowledge and not what a person has allegedly told the deponent).

4817-3524-0547.4

Plaintiff herself does not even know if the rumor had any truth to it: "I don't know if it's true that they had an African American supervisor in over 20 years or not."  Lawson Dep. at 118:9-11.  Furthermore, the rumor is outright false.  Whatley Dep. at 87:12-17.

Plaintiff next bases her claim that Minden failed to promote her based on her race because she did not see any African-American employees on the pediatric floor.  Yet, Plaintiff acknowledged that she is not aware whether any African Americans applied for any positons on the pediatric floor and has no personal knowledge about the hiring or vacancies in the pediatric department.  Lawson Dep. at 118-119.  She further agreed that she has never applied for a position on the pediatric floor.  Id.

Finally, Plaintiff's belief that Minden failed to promote her based on race because she is more qualified than Ms. Malone fails as a matter of law.  As discussed in Section III.A, *supra*, in order for Plaintiff to prove that she is "clearly better qualified," she must show that "no reasonable person, in the exercise of impartial judgment, could have chosen [Ms. Malone] over [her] for the job in question."  Moss, 610 F.3d at 922.  This Plaintiff cannot do.  See Section III.A, *supra*.

It is well-settled that a plaintiff's personal or subjective beliefs cannot be made "the basis for judicial relief when an adequate nondiscriminatory reason for the [adverse employment action] has been presented."  Hornsby v. Conoco, Inc., 777 F.2d 243, 246 (5th Cir. 1985).  Minden has articulated a legitimate, non-discriminatory reason for selecting Ms. Malone -- its honest and good faith belief that she was the better qualified candidate -- and Plaintiff cannot prove that reason to be pretextual based on her personal or subjective beliefs.

4817-3524-0547.4

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed as a matter of law and summary judgment entered on behalf of Minden.

/s/ Marcus M. Crider
Marcus M. Crider (TN BPR No. 018608)
        *(admitted pro hac vice)*
K. Coe Heard (TN BPR No. 029338)
        *(admitted pro hac vice)*
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone:  (615) 244-6380
Facsimile:   (615) 244-6804
Email:  marcus.crider@wallerlaw.com
        coe.heard@wallerlaw.com

/s/ Allison A. Jones
Allison A. Jones (LA Bar No. 16990)
Downer Jones Marino & Wilhite
401 Market Street, Suite 1250
Shreveport, LA 71101
Telephone: (318) 213-4444
Facsimile: (318) 213-4445
Email: ajones@dhw-law.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's ECF filing system, upon the following:

Fred H. Sutherland, Esq.
Law Offices of Fred H. Sutherland
400 Travis Street, Suite 514
Shreveport, LA 71101
fhs@sutherlandattorneyatlaw.com

*Attorneys for Plaintiff*

This the 2nd day of May, 2018.

/s/ Marcus M. Crider

4817-3524-0547.4

18