UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| THERESA LAWSON,<br>Plaintiff, | CIVIL ACTION NO: 5:16-cv-414 |
| VS. | JUDGE MAURICE HICKS |
| PHC MINDEN, LLC d/b/a<br>MINDEN MEDICAL CENTER,<br>Defendants | MAGISTRATE JUDGE KAREN HAYES<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S SURREPLY MEMORANDUM IN SUPPORT
OF PLAINTIFF'S OPPOSITION TO MINDEN MEDICAL CENTER'S
MOTION FOR SUMMARY JUDGMENT (Doc. 42)**

Page 1 of 10

MAY IT PLEASE THE COURT:

Defendant, PHC MINDEN, LP, d/b/a, MINDEN MEDICAL CENTER (hereinafter referred to as "MMC"), has filed a Reply Brief in this matter which in Plaintiff's judgment and opinion make several serious misstatements of fact and evidence which need to be addressed shortly and directly in order to properly protect the interest of the Plaintiff, THERESA LAWSON, in a fair and accurate presentation of her case. Plaintiff will discuss each in turn as follows:

**Immaterial Facts**

The declaration concerning Derrick Milwee being biased against Ms. Lawson, since she was one of the nurses that complained about him to Ms. Whatley, is an observation and personal opinion of Ms. Lawson. Milwee never asked a question of Ms. Lawson in the interview and she is just as entitled to her opinion and observations as Ms. Whatley is about Ms. Lawson's stress level. Ms. Whatley was aware of the complaint, she imposed the discipline on him and placed him on the interview committee.

**Facts Not in Dispute**

Plaintiff was only responding to all "facts" that Defendant's listed in **both** of their Statement of Facts. Plaintiff is not deflecting from the facts, rather providing all the information necessary to prove her case even though defendants destroyed evidence, withheld documents and other information requested in the request for production and subpoena duces tecum submitted by Plaintiff. Some are the same documents that Defendant failed to provide the LHRC as it is required and which are specifically noted

in their Determination.

**Bald Assertions**

Plaintiff did pass her case management competency exams, her case management evaluations were very high (both of which are bates stamped by defendant) and her staffing agreements (of which Lawson retained copies) show how often she worked in case management, all of which are under Tab 8 of the attachments to Lawson's Declaratory Statement and which were referenced throughout the brief.

Ms. Lawson did assert that there were no black supervisors in any position at MMC and that there were specifically no black full time supervisors in case management in the past 20 years. According to Ms. Whatley's deposition at 37:4-38:10 since formation of a true "case management" department, there had not been a black full time supervisor in over 20 years. Whatley depo. 12:8-10; 37:4-38:10; Ms. Whatley started at MMC in 1987, there were only 2 black nurses supervisors and they left, and then there were none prior to Ms. Lawson and only then, a PRN was hired after Lawson filed suit; which is what Ms. Lawson had been doing since 2008.

As for defendant's comment regarding Whatley asking Plaintiff "if she was trading one stressful job for another", it was simply an error when "Disagree" was typed, it should have been the word "Agree". Again, counsel was responding to all "facts" submitted by Defendants.

Counsel for Defendant stated that the evidence is "clear" that Malone had case management experience at another hospital facility. Whatley Depo at 62:23-64:10 states that Ms. Whatley only took the word of Malone and did not see any documentation supporting her claim. However, if you review Malone's Interview Sheet

Page 3 of 10

for MMC from 2008 and her Resume (pg. 2) Exhs10 & 11, it is notes that Ms. Malone was a "charge nurse" with no description of the duties a charge nurse performs at the hospital she was working over eight and a half to nine years prior. In other words the last time she was a charge nurse at the other two hospitals she worked was in 2007-2008. Ms. Lawson, however, had been and currently was, working in case management and had been for the past 5+ years. Furthermore, there is no record whatsoever of Ms. Malone cross training or working in case management or any other position provided by Defendants.

Plaintiff's Declaration was needed since Defendant failed to provide a great deal of Plaintiff's records, such as the second page of her application for employment at MMC and the Interview Summary of Lawson's original employment interview in 2003. However, Defendant has all of Ms. Malone's original employment interview documents and gives considerable weight to her 14 months worked 8 years prior to her interview for case management at MMC.

Ms. Lawson had to provide a chronology and pattern of the times she applied for a night supervisory position and the three times her transfer/promotion documentation was "lost" and never reached either department for which she was attempting to transfer or human resources. Further, it was very important for Ms. Lawson to declare chronology of events that led up to the case management interview.

Plaintiff's declaration was not speculation and hearsay, it was a personal accounting of the experience that she had while working at MMC. For example Milwee was someone that she had made a complaint about along with other nurses, he was reprimanded for his actions, and he was one of the four that chose whether or not Ms. Lawson was a fit for Case Management. That may be subjective, but that is precisely how Ms. Whatley made her decision between the two candidates; subjectively. Whately Depo. 71:8-14.

Defendant states that numerous statements in Lawson's Declaration are either misleading or inconsistent. For example, Plaintiff states in her Declaration that she never "...at any time stated to anyone at MMC that the job was too stressful." Defendant claims that she testified differently. In reality, it is Defendant that is citing the incorrect testimony with the Declaration paragraphs. Plaintiff discusses being "overwhelmed" due to the high turnover of nurses and constant training on the day shift at 58:18-25; 60:1 and states that she is more often than not "less stressed than more stressed" at 59:11-15.

Defendant states that Plaintiff may have added too many pages of exhibits and that the court should not have to hunt for evidence. However, the evidence that has been cited in Plaintiff's brief and statement of controverted facts is accurate and it sometimes takes more than one page to get the truth from the entire answer and not bits and pieces of an answer.

1Defendant states that the opening for the case management position at issue was posted while plaintiff says it was not. Defendant was specifically asked for evidence of this post and it was not produced. Further, they state that is evidenced under Exh. 1. Exhibit 1 of defendant's brief is Lawson Depo Excerpts and the posing of the position is certainly not in there.

**Failure to Provide Documents**

Defendant incorrectly states that the request for production of documents attached to the Notice of Deposition for Cheryl Whatley on November 13, 2017 was too late, which is untrue. The first deposition and subpoena duces tecum was served November 13, 2017 and scheduled for November 20, 2017. However, he did not produce Ms. Whatley for the deposition, he produced Ms. Winget. The second Notice of Deposition was served on counsel for Defendant with the same subpoena duces tecum on February 20, 2018 and scheduled for March 2, 2018. . The facts are that the Notice of Deposition was served on Defendant's counsel.

As stated in Plaintiff's Brief in Opposition (Doc 53-1) although there was a discussion between counsel as to whether the request should more properly have been served under Rule 34, Plaintiff's counsel agreed he would treat the original request as having been made under Rule 34 and therefore there was no need for Plaintiff's counsel to reserve the request and there was more than ample time for Defendant to have responded. When he did finally refuse to honor that agreement and did not produce the documents requested, it was in February of 2018. Plaintiff relied upon Defendant's assertion it would properly reply. The timing vel non of the request is not

the issue because Defendant had knowingly and intentionally destroyed all of the written documentation and evidence of the selection and interview process in this matter; it no longer existed following the interview and selection of Ms. Malone. Such documentation was not submitted to the LHRC as per their request nor were they submitted to Plaintiff in this matter because they were destroyed. The rather flippant comment they had been sent to and misplaced by the Commission is a subterfuge. It is not true, which raises ver serious questions of intent and motive. It is the Defendant who "muddied the waters" and should be held accountable for the after the fact, self serving, inaccurate, untrue and hearsay account by Ms. Winget, who was not present, had no personal knowledge of the events whatsoever, yet she authored the Interview Summary presented by Defendant's Exh. 7 (Doc 42-3; Pgs 71-72); which has seriously prejudiced Ms. Lawson's ability to prove all aspect of her case.

**Plaintiff's Qualifications**

Defendant claims that Plaintiff's evidence shows that she only performed well in "**her**" position. What they fail to state is that she was performing well in "her" position as a night supervisor in case management on a regular basis for 5+ years along with all of the other positions she covered, including all the ones listed in the brief that she had been cross trained on. Even as counsel for Defendant's grilled Ms. Lawson in her deposition over all the tasks she performed as night supervisor in case management as relief, she answered "yes" she had performed all of them and more at Lawson Dep. 54:21-56:18. No matter how you look at it, Mls Lawson had more experience in all areas than Ms.

Malone. Ms. Malone may have been exceptional in ICU and perhaps 8 years earlier as a charge nurse in another hospital, but, she was not cross trained in as many areas as Ms. Lawson (which was voluntary) and she did have difficulties getting along with co-workers on occasion. Malone Evals. Exh. 13. Ms. Lawson had no issues with getting along with anyone she worked with on any floor. Defendants continue to bring up that Malone worked in another hospital as a charge nurse but fails to recognize that Ms. Lawson was an Assistant Director of Nursing at Community Health Hospital from 2005-2007 while working PRN at MMC. Tab 1. On paper, it is clear that Ms. Lawson was more qualified than Ms. Malone.

### MMC's Belief That Malone Was More Qualified

Defendant states Plaintiff's argument that she was more qualified than Malone is "improperly urging the Court to substitute her and its judgment for MMC". On the contrary, Plaintiff is urging the Court to see the pretextual manner in which Defendants came to the decision to hire Malone a white RN with less experience and who required much more training than a black RN who had already proven her abilities in the very area at issue, case management.

Again, interviewers never asked Lawson about her continuing education preferences or even if she had any. Two of the interviewers didn't even ask her any questions. They asked inappropriate questions about her stress level and caring for her mother. Not her long and short term goals and why she wanted to

be in case management other than the hours and caring for her mother.

As found by the LHRC (Tab 8), Defendants did not provide requested documents to prove their case and they did not provide enough evidence to find that MMC was not at fault in the decision made in this matter. MMC is playing fast and loose with the availability of documents and destroying and maintaining of documents.

**Conclusion**

Contrary to Defendant's spin on the matter, this is not simply a "classic business judgment case". It is true that Plaintiff was a very good and loyal professional employee of MMC. She was highly qualified for the position at issue by professional education, training, experience and very successful performance verified by her excellent evaluations, assessments, commendations and recommendations. She was truly interested in the job and the hospital and she did have continuing education and professional achievement aspirations. The Defendant improperly, arbitrarily, discriminatory and totally subjective application of the emotion or expression of "excitement" not withstanding, Defendant's Motion for Summary Judgment should be denied.

Respectfully submitted,
*/s/ Fred H. Sutherland*
**Fred H. Sutherland (No. 12587)**
400 Travis Street, Suite 514
Shreveport, LA 71101
Telephone: (318) 676-1515
Facsimile: (318) 676-1516
Email: fhs@sutherlandattorneyatlaw.com
**Attorney for Plaintiff, Theresa Lawson**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail upon the following:

Marcus Crider (TNB #018608)
Waller Landsden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone (615) 244-6380
Facsimile (615) 244-6804
Email: marcus.crider@wallerlaw.com
       co.heard@wallerlaw.com
*Attorney for DefendantsPlaintiff*

Allison A. Jones (LA No. 16990)
Downer Jones Marino & Wilhite
401 Market Street, Suite 1250
Shreveport, LA. 71101
Telephone (318) 213-4444
Facsimile (318) 213-4445
Email: ajones@dhw-law.com
*Attorney for Defendants*

This the 13th day of July, 2018.

/s/ Fred H. Sutherland